1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVOOD KHADEMI,                          No.  2: 23-cv-1860 TLN KJN P

12                   Plaintiff,

13         v.                                 ORDER

14   SUPERIOR COURT OF PLACER
     COUNTY, et al.,
15
                     Defendants.
16

17

18         Plaintiff is a county prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42

19   U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21         Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

                                                  1

1   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

1  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2  true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

3  pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

4  (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

5          Named as defendants are the Placer County Superior Court, criminal defense attorney

6  Paul Comiskey, criminal defense attorney Kevin Doherty and court appointed psychologist

7  Mitchelle.

8          Plaintiff's complaint contains one claim for relief.  Plaintiff alleges violations of his right

9  to due process, right to self-representation and section 28 of the California Constitution.  Plaintiff

10  appears to allege that on April 19, 2023, three Roseville police officers arrested plaintiff without

11  probable cause.  Plaintiff appears to allege that he was arrested based on an incident occurring on

12  a bus.  Plaintiff also alleges that he was subjected to cruel and unusual punishment on July 12,

13  2023, when one of his fingers was broken and his teeth were knocked out.  Plaintiff also alleges

14  that the jail received his medical records showing that plaintiff has liver disease and cancer.

15  Plaintiff alleges that the jail gave him poisoned food.

16          Plaintiff's complaint does not identify the relief sought, as required by Rule 8 of the

17  Federal Rules of Civil Procedure.[1]  For this reason, plaintiff's complaint is dismissed.

18          Plaintiff's complaint also fails to link any of the named defendants to the alleged

19  deprivations.  The Civil Rights Act under which this action was filed provides as follows:

20          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
21          of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
22          or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

25  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978) ("Congress did not intend § 1983

26  liability to attach where . . . causation [is] absent."); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976) (no

27  _____

28  [1] Plaintiff's complaint is missing the page of the complaint form containing the section discussing the relief sought.

affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's complaint is dismissed because no defendants are linked to the alleged deprivations.

Although plaintiff's claims against defendants Comiskey and Doherty are not clear, the undersigned observes that section 1983 claims against public defenders and private criminal attorneys are not cognizable because they are private individuals for purposes of section 1983, and therefore do not act under color of state law.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) ("We therefore affirm the district court's dismissal of the complaint against the Assistant Public Defender, Rigsby, on the ground that, as a matter of law, he was not a state actor.").

////

4

Although plaintiff's claims against defendant Placer County Superior Court are not clear, the undersigned observes that this defendant is a state agency and is thus immune from suit under the Eleventh Amendment.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (Suit against state superior court is barred by the Eleventh Amendment); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) superseded by statute on other grounds as stated in Buffin v. California, 23 F.4th 951, 963 (9th Cir. 2022), ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment.").  Accordingly, plaintiff should not name Placer County Superior Court as a defendant in an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

4    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6    Director of the California Department of Corrections and Rehabilitation filed concurrently

7    herewith.

8        3.  Plaintiff's complaint is dismissed.

9        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

10   Notice of Amendment and submit the following documents to the court:

11           a.  The completed Notice of Amendment; and

12           b.  An original of the Amended Complaint.

13   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

14   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

15   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

16       Failure to file an amended complaint in accordance with this order may result in the

17   dismissal of this action.

18   Dated:  September 26, 2023

19

20   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

21

22

23

24   Khad1860.14

25

26

27

28

6

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVOOD KHADEMI,                          No.  2: 23-cv-1860 KJN P

12                    Plaintiff,

13          v.                                  NOTICE OF AMENDMENT

14    SUPERIOR COURT OF PLACER
      COUNTY, et al.,

15                    Defendants.

16

17          Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19    DATED:  _____       Amended Complaint

20

21                                  _____

22                                  Plaintiff

23

24

25

26

27

28