1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVOOD KHADEMI,                          No.  2: 23-cv-1860 TLN KJN P

12                  Plaintiff,

13         v.                                 ORDER

14   SUPERIOR COURT OF PLACER
     COUNTY, et al.,
15
                     Defendants.
16

17

18         Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action

19   pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.  (ECF

20   No. 9.)  For the reasons stated herein, plaintiff's amended complaint is dismissed with leave to

21   amend.

22   Screening Standards

23         The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

28   ////

                                                    1

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

8   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

9   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

10  1227.

11     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

12  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

16  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

17  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

18  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

20  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

21  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

22  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

23  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

24  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25  ////

26  ////

27  ////

28  ////

2

Allegations in Amended Complaint  (ECF No. 9)

Named as defendants are the Placer County Superior Court, criminal defense attorney Jones, criminal defense attorney Doheroy and deputy district attorney Noey.  Plaintiff also appears to name as a defendant a female criminal defense attorney employed by the Cohen Defense Group.

Plaintiff's amended complaint contains one claim for relief:  ineffective assistance and violations of the Fourteenth Amendment.  Plaintiff's amended complaint contains twenty-one paragraphs.  The undersigned summarizes these paragraphs herein.

In paragraph one, plaintiff alleges that he was illegally arrested on April 29, 2017.

In paragraph two, plaintiff alleges that on May 2, 2017, the district attorney filed a complaint against plaintiff.  On May 11, 2017, the district attorney filed an amended complaint. On June 21, 2017, counsel was appointed to represent plaintiff.

In paragraph three, plaintiff alleges that defense counsel visited plaintiff once before requesting PC 1368.  Plaintiff appears to allege that defense counsel provided inadequate representation at the PC 1368 hearing.  Plaintiff apparently refers to California Penal Code § 1368 which provides for competency hearings.

In paragraph four, plaintiff alleges that "they" made a plea bargain deal of no contest for PC § 245.  Plaintiff appears to allege that he was sentenced to 264 days and five years probation.

In paragraph five, plaintiff alleges that due to ineffective assistance of counsel from 2017 to 2020, "they" kept placing plaintiff on psychotropic medication.  Plaintiff appears to allege that he suffered adverse side effects from the psychotropic medication.  Plaintiff alleges that he had a right to self-representation but "all that," in apparent reference to the side effects of the psychotropic medication, impacted his proceedings and his right to self-representation.

In paragraph six, plaintiff alleges that defendants Jones and Noey were aware of the possible sentence under PC § 1170(m).  Plaintiff appears to allege that his sentence could have been one year of jail and some probation time, but he received a much longer sentence.

In paragraph seven, plaintiff alleges that the connections between the actions of defendants and defendant Placer County Superior Court led to a violation of plaintiff's

1  constitutional rights.

2       In paragraph eight, plaintiff alleges that defendant Placer County Superior Court failed to

3  conduct a competency trial even after plaintiff was brought back several times from "DSHP."

4       In paragraph nine, plaintiff appears to allege that defendant Placer County Superior Court

5  failed to confront plaintiff's attorneys, i.e., the defendant defense attorneys, regarding the facts

6  applicable to the proceedings.

7       In paragraph ten, plaintiff appears to allege that he is entitled to immediate release based

8  on ineffective assistance of counsel.  Plaintiff also requests medical treatment.

9       The allegations in paragraph eleven are unclear, but plaintiff appears to allege that the

10  defense counsel defendants knew about plaintiff's mental health problems based on their contact

11  with mental health staff working at the jail.

12       The allegations in paragraph twelve are unclear, but plaintiff appears to allege that

13  inmates in the jail were paid by jail staff to make false accusations against plaintiff.  Plaintiff may

14  also be claiming that he was assaulted numerous times.

15       In paragraph thirteen, plaintiff alleges that defendants Jones and Noey knew of the false

16  accusations made by other inmates against plaintiff.  Plaintiff may be claiming that defendants

17  Jones and Noey rewarded these inmates for making false accusations against plaintiff.

18       In paragraph fourteen, plaintiff alleges that the defendant identified as the female criminal

19  defense attorney employed by the Cohen Defense Group, appointed to represent plaintiff on

20  appeal, provided inadequate representation.

21       In paragraph fifteen, plaintiff alleges that the female criminal defense attorney employed

22  by the Cohen Defense Group was able to track plaintiff's online court filings but failed to take

23  appropriate measures to disclose information for plaintiff's defense.

24       In paragraph sixteen, plaintiff alleges that defendant Doheroy had a long history of mental

25  illness.  Plaintiff alleges that defendant Doheroy did not adequately represent plaintiff.

26       In paragraph seventeen, plaintiff alleges that the defense first appeared in court for the

27  arraignment on April 19, 2023.

28  ////

In paragraph eighteen, plaintiff alleges that after he submitted a Faretta waiver, no judge granted plaintiff a hearing to disqualify defense counsel.

In paragraph nineteen, plaintiff alleges that defendant Jones had a criminal history and history of mental health concerns.  Plaintiff appears to allege that in spite of this history, no judge granted plaintiff a hearing for a Marsden motion.

In paragraph twenty, plaintiff alleges that some of the judges had the same criminal history as well as issues with their background checks.

In paragraph twenty-one, plaintiff alleges that all defendants violated his constitutional rights by placing plaintiff on psychotropic medication.  Plaintiff alleges that this medication impacted plaintiff's ability to think.  Plaintiff alleges that he used to be a high functioning person.

As relief, plaintiff seeks money damages and unspecified injunctive and declaratory relief.

Discussion

At the outset, the undersigned observes that to the extent plaintiff seeks his immediate release from custody, as requested in paragraph ten, the court cannot award this relief in a civil rights action.  Plaintiff may request release from custody in a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement).

The gravamen of this action is plaintiff's claim that he is entitled to money damages due to inadequate representation by court appointed trial and appellate counsel defendants and misconduct by defendant deputy district attorney Noey during plaintiff's criminal proceedings.

However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).  As a result, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

5

Plaintiff appears to allege that he was convicted and his conviction affirmed on appeal. Plaintiff does not allege that his conviction or sentence were reversed, expunged or invalidated. Accordingly, under Heck, plaintiff may not assert a § 1983 claim seeking damages arising from his allegedly unconstitutional conviction or sentence.

Plaintiff's claim alleging ineffective assistance of counsel during competency proceedings pursuant to California Penal Code § 1368 may not be Heck barred.  However, assuming no Heck bar, this claim and plaintiff's ineffective assistance of counsel claims related to his criminal proceedings do not state potentially colorable claims for relief because the court appointed trial and appellate counsel defendants did not act under color of state law.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) ("We therefore affirm the district court's dismissal of the complaint against the Assistant Public Defender, Rigsby, on the ground that, as a matter of law, he was not a state actor."); Hamilton v. Spears, 2019 WL 183520, at *4 (S.D. Cal. Jan. 14, 2019) (citing Dodson, 454 U.S. at 319 ("Attorneys who represent criminal defendants, either during trial or on appeal, do not act 'under color of state law' pursuant to 42 U.S.C. § 1983…").

Assuming no Heck bar, the undersigned also finds that plaintiff's claims against defendant deputy district attorney Noey for actions allegedly taken during the prosecution of plaintiff are barred by prosecutorial immunity.  A prosecutor is protected by absolute immunity from liability in a civil rights suit for damages "when performing the traditional functions of an advocate." Kalina v. Fletcher, 522 U.S. 118, 131 (1997) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).   A prosecutor's advocacy functions are those activities that are "intimately associated with the judicial phase of the criminal process...." Imbler, 424 U.S. at 430.   Such activities include, among other things, "initiating a prosecution and [ ] presenting the State's case" at trial, even if such activities involve "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." Imbler, 424 U.S. at 431.  Typical activities protected by prosecutorial immunity include "acts

1    undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and

2    which occur in the course of [the prosecutor's] role as an advocate for the State." Buckley, 509

3    U.S. at 273.  Defendant Noey is entitled to prosecutorial immunity as to plaintiff's claims alleging

4    misconduct by defendant Noey during the judicial phase of the criminal proceedings.

5          Plaintiff's amended complaint contains claims which may be construed as not directly

6    challenging the validity of his conviction or sentence.  The undersigned discusses these claims

7    herein.

8          Plaintiff may be alleging that defendants Jones and Noey rewarded inmates in the jail for

9    making false accusations against plaintiff.  Because these allegations do not involve the

10   traditional function of representation by defense counsel or prosecutorial advocacy, these claims

11   may be potentially colorable.  However, these allegations do not state potentially colorable claims

12   against defendants Jones and Noey because they are vague and conclusory.  See Ivey v. Board of

13   Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

14   personal participation is insufficient).  Plaintiff alleges no facts addressing how plaintiff knows

15   that defendants Jones and Noey allegedly rewarded inmates for making false statements against

16   plaintiff.  Plaintiff does not describe the false statements allegedly made by inmates.  Plaintiff

17   also alleges no injury suffered as a result of the false statements allegedly made on behalf of

18   defendants Jones and Noey.  Accordingly, this claim is dismissed with leave to amend.

19         Plaintiff also alleges that all defendants violated his constitutional rights by placing

20   plaintiff on psychotropic medication.  Plaintiff may be claiming that he did not require

21   psychotropic medication.[1]  These allegations do not state a potentially colorable claim for relief

22   because plaintiff alleges no specific facts demonstrating how each named defendant caused him

23   to be prescribed psychotropic medication.  See Ivey v. Board of Regents, 673 F.2d at 268

24   (complaint devoid of specific factual allegations of personal participation is insufficient).

25   Plaintiff also does not specifically describe the harmful side effects he allegedly suffered as a

26   result of taking psychotropic medication.  Plaintiff also does not clearly address why he did not

27   _____

28   [1]  At this time, the undersigned cannot find that a finding that plaintiff was wrongly prescribed
     psychotropic medication necessarily implies the invalidity of plaintiff's conviction or sentence.

7

1    require psychotropic medication.  Accordingly, this claim is dismissed with leave to amend.

2         Finally, the undersigned again observes that defendant Placer County Superior Court is a

3    state agency and is thus immune from suit under the Eleventh Amendment.  See Simmons v.

4    Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (Suit against state

5    superior court is barred by the Eleventh Amendment); Greater Los Angeles Council on Deafness,

6    Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) superseded by statute on other grounds

7    as stated in Buffin v. California, 23 F.4th 951, 963 (9th Cir. 2022), ("[A] suit against the Superior

8    Court is a suit against the State, barred by the eleventh amendment.").  Accordingly, plaintiff

9    should not name Placer County Superior Court as a defendant in the second amended complaint.

10        In an abundance of caution, plaintiff is granted leave to file a second amended complaint.

11   The second amended complaint shall include no claims challenging the validity of plaintiff's

12   conviction or sentence.

13        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

14   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

15   complaint be complete in itself without reference to any prior pleading.  This requirement exists

16   because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

17   v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

18   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

19   omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

20   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

21   and the involvement of each defendant must be sufficiently alleged.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's amended complaint is dismissed.

24        2.  Within thirty days from the date of this order, plaintiff shall complete the attached

25   Notice of Amendment and submit the following documents to the court:

26             a.  The completed Notice of Amendment; and

27             b.  An original of the Second Amended Complaint.

28   ////

1   Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act,

2   the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended

3   complaint must also bear the docket number assigned to this case and must be labeled "Second

4   Amended Complaint."

5          Failure to file a second amended complaint in accordance with this order may result in the

6   dismissal of this action.

7          Dated:  November 1, 2023

8

9                                                            KENDALL J. NEWMAN
                                                             UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14   Khad1860.ame

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    9

1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVOOD KHADEMI,                          No.  2: 23-cv-1860 TLN KJN P

12                Plaintiff,

13         v.                                 NOTICE OF AMENDMENT

14   SUPERIOR COURT OF PLACER
     COUNTY, et al.,

15                Defendants.

16
            Plaintiff hereby submits the following document in compliance with the court's order
17
     filed_____.
18
                     _____        Second Amended Complaint
19   DATED:

20

21                                          _____
                                            Plaintiff
22

23

24

25

26

27

28