UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF PLACER COUNTY, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-1860 TLN CSK P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 1, 2023, the court dismissed plaintiff's amended complaint with leave to file a second amended complaint.  (ECF No. 11.)  Pending before the court is plaintiff's second amended complaint.  (ECF No. 13.)  For the reasons stated herein, this court recommends dismissal of this action.

<u>Screening Standards</u>

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Claims in Second Amended Complaint

Named as defendants are Placer County Public Defender Jones, District Attorney Noey, Superior Court Judges Curry and Penny, and Roseville Police Officers Vanderwende and Cameron.  (ECF No. 13 at 2.)

Plaintiff alleges that defendants Vanderwende and Cameron unlawfully arrested plaintiff because they were not wearing body cameras. (Id. at 4.) Plaintiff alleges that defendants Vanderwende and Cameron wrongly allowed the alleged victim, E. Rayn, to go free. (Id.) Plaintiff alleges that E. Rayn was the aggressor and attacked plaintiff. (Id.) Plaintiff alleges that, on April 29, 2017, defendants Vanderwende and Cameron booked plaintiff without probable cause based on the incident involving E. Rayn. (Id.)

Plaintiff alleges that defendant Jones caused a violation of plaintiff's speedy trial rights. (Id.) Plaintiff alleges that defendant Jones kept raising doubts about plaintiff's competency but failed to state any reason for these claims. (Id. at 5.) Plaintiff alleges that defendants Curry, Penny, Noey and Jones knew of the violations of plaintiff's constitutional rights and inadequate representation by defendant Jones. (Id.) Plaintiff alleges that all defendants knew there was no arraignment. (Id.) Plaintiff alleges that defendants Curry and Penny failed to comply with Rules 4.100, 4.101 and 4.112 of the Rules of Court.[1] (Id.)

Plaintiff alleges that the People of the State of California knew that plaintiff was housed in the Security Housing Unit ("SHU") longer than usual. (Id.) Plaintiff alleges that jail staff kept filing frivolous rules violation reports against plaintiff. (Id.)

Plaintiff alleges that the court and defendant Jones knew that the offense carried only one year under California Penal Code § 1170.9.[2] (Id.) Plaintiff alleges that defendant Jones disputed plaintiff's rights pursuant to California Welfare and Institution Code § 5008.[3] (Id. at 6.)

Plaintiff alleges that each defendant participated in misconduct in court leading to violations of plaintiff's constitutional and state rights. (Id.)

Plaintiff alleges that defendants Curry, Penny, Noey and Jones "knew" the statute of

---

[1] California Rule of Court 4.100 contains procedures regarding arraignments. California Rule of Court 4.101 addresses bail setting. California Rule of Court 4.112 contains procedures for trial readiness conferences in felony cases.

[2] California Penal Code § 1170.9 provides that for persons convicted of criminal offenses who committed the offenses because of various conditions stemming from service in the United States military, the court shall consider these conditions as factors in favor of probation.

[3] California Welfare and Institutions Code § 5008 contains definitions related to mental health evaluations under the Lanterman-Petris Act.

1  limitations and the possibility of sentencing under California Penal Code § 1170.9.  (Id.)

2  Plaintiff alleges that his right to medical care under the Americans with Disabilities Act
3  ("ADA") was violated.  (Id. at 7.)

4  Plaintiff alleges that his teeth were knocked out and his nose broken during an assault by
5  other prisoners due to his long incarceration before resentencing and when he was sent to state
6  prison on May 28, 2021.  (Id.)  Plaintiff alleges that he was subjected to attempted murder by
7  prisoners and assaulted by jail guards on October 11, 2018, in the Auburn Jail.  (Id.)

8  Plaintiff alleges that his sentence for violating California Penal Code § 245 was illegal.
9  (Id. at 8.)  Plaintiff alleges that defendant Jones failed to move for a lower sentencing term of two
10 years or the possibility of parole but instead played the "competency game."  (Id.)

11 Plaintiff alleges that because of the violations of his constitutional rights, he was placed on
12 psychotropic medications which limited his ability to think critically and caused serious side
13 effects.  (Id.)

14 Plaintiff alleges that the defendants knew that he was subjected to excessive force on
15 October 11, 2018, in the jail and sustained disc problems as a result.  (Id.)

16 Plaintiff alleges that he suffered from post-traumatic stress disorder ("PTSD") caused by
17 his lengthy time in jail and prison.  (Id.)

18 Plaintiff alleges that his plea of no contest to violating California Penal Code § 245 on
19 September 16, 2020, was involuntary because of the psychiatric medication he was forced to take.
20 (Id. at 9.)  Plaintiff appears to claim that he received an unconstitutional sentence for this offense
21 on October 21, 2020.  (Id.)

22 Plaintiff alleges that he suffers irreparable harm as a result of being involuntarily
23 medicated from 2017 to 2020 and failing to receive adequate medical care for his back.  (Id.)
24 Plaintiff alleges that he suffers from blood cell and damage to his DNA, etc., due to inadequate
25 food, lack of exercise and involuntary psychotropic medications.  (Id.)

26 Plaintiff alleges that because defendants failed to provide sufficient records to the
27 hospital, the hospital failed to provide plaintiff with a "memography" or back surgery.  (Id. at 10.)

28 Plaintiff alleges that defendants knew that plaintiff was indigent and homeless yet released

4

plaintiff on the "Perafe" program. (Id.) Plaintiff alleges that defendants failed to provide him with housing or sufficient resources. (Id.)

Plaintiff alleges that defendants knew of plaintiff's immigration status as a legal California resident, but plaintiff was not given a green card, passport, citizenship or social security number. (Id.)

As relief, plaintiff seeks money damages. (Id. at 11.)

Discussion

*Plaintiff's Claims Related to Criminal and Competency Proceedings*

It appears that plaintiff's claims related to his criminal conviction and sentence are based on his alleged September 2020 conviction for violating California Penal Code § 245. These claims include: 1) defendants Vanderwende and Cameron wrongfully arrested and booked plaintiff without probable cause; 2) defendant Jones caused a violation of plaintiff's right to a speedy trial and provided ineffective assistance of counsel; 3) all defendants knew of violations of plaintiff's constitutional rights during his criminal proceeding, including ineffective assistance of counsel and violation of the statute of limitations; 4) all defendants knew there was no arraignment; 5) defendants Curry and Penny failed to comply with California Rules of Court 4.100, 4.101 and 4.112; 6) plaintiff's plea to violating California Penal Code § 245 was involuntary due to taking psychotropic medication; and 7) plaintiff's sentence for violating California Penal Code § 245 was illegal.

As the court previously advised plaintiff in the November 1, 2023 order, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order or declared invalid by a statue tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As a result, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

Plaintiff does not claim that his conviction or sentence for violating California Penal Code § 245 have been reversed, expunged or invalidated. Thus, a finding in plaintiff's favor as to the claims challenging his conviction and sentence would render plaintiff's conviction and sentence invalid. Accordingly, these claims are barred under Heck and should be dismissed.

Plaintiff's claims challenging his competency proceedings may not be Heck barred because plaintiff does not appear to be currently detained pursuant to the alleged competency proceedings. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005) (Heck rule applies to civil detainees challenging their commitment); Turner v. Contra Costa County Supreme Court, 2022 WL 16823697, at *2 (N.D. Cal. Nov. 8, 2022) (citing Heck and Huftile, court dismissed plaintiff's § 1983 claims that would invalidate a current finding of incompetence to stand trial and involuntary civil commitment until plaintiff could show that these findings were appropriately appealed).

Assuming no Heck bar to plaintiff's claims challenging his competency proceedings, plaintiff's claims challenging defendant Jones's representation of plaintiff during competency proceedings do not state potentially colorable claims for relief because defendant Jones did not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions).

To the extent plaintiff names defendants Curry and Penny in connection with his claims challenging his competency proceedings, these defendants are immune from suit. Stump v. Sparkman, 435 U.S. 349, 356-60 (1978) (judges are absolutely immune from civil suit for acts performed in their judicial capacities). Findings made by defendants Curry and Penny regarding plaintiff's competence to stand trial were acts performed in their judicial capacities.

Likewise, plaintiff's claims against defendant Noey for actions taken during plaintiff's competency proceedings are also barred. A prosecutor is absolute immune from liability in a civil rights suit for damages "when performing the traditional functions of an advocate." Kalina v. Fletcher, 522 U.S. 118, 131 (1997). Actions taken by defendant Noey during plaintiff's competency proceedings are traditional functions of a prosecutor. Accordingly, defendant Noey

is entitled to absolute immunity.

*Claims Challenging Conditions of Confinement*

Plaintiff raises several claims regarding conditions at the Placer County Jail to which no defendants are linked: 1) plaintiff was housed in the SHU longer than usual and jail staff filed frivolous rules violation reports against plaintiff; 2) violation of right to medical care under the ADA: 3) failure to receive medical care for his back; and 4) inadequate food and lack of exercise.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

1 (complaint devoid of specific factual allegations of personal participation is insufficient).

2 No defendants are linked to the claims set forth above. Accordingly, these claims should be dismissed.

Plaintiff alleges that he was involuntarily medicated with psychotropic medication from 2017 to 2020. To the extent plaintiff raises a claim based on the side effects of psychotropic medication that is independent from plaintiff's claim challenging the validity of his 2020 plea, no defendants are linked to this claim.

Plaintiff alleges that he was assaulted by inmates and guards in the Placer County Jail. Plaintiff alleges that defendants knew of the assaults by guards on plaintiff. In an abundance of caution, this court construes these allegations to raise a failure-to-protect claim.

To proceed on a failure-to-protect claim, plaintiff must identify evidence that would support the inference that defendants knew of and disregarded an excessive risk to his safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and wellbeing of the prisoner. Id. Plaintiff's second amended complaint contains no allegations demonstrating that defendants knew of a specific risk of harm to plaintiff from inmates or guards at the Placer County Jail prior to the alleged assaults. For this reason, this court finds that plaintiff fails to state a potentially colorable failure-to-protect claim based on these allegations.

Plaintiff alleges that hospitals failed to provide him with a "memography" and back surgery because of defendants' failure to provide sufficient records. Plaintiff fails to specifically describe the involvement of any defendant in this claim, including the legal duty of defendants to provide the records to the hospitals. Plaintiff also fails to describe the records the hospitals allegedly failed to receive. Based on these vague and conclusory allegations, this court finds that these allegations fail to state a potentially colorable claim for relief. See Ivey, 673 F.2d at 268.

Plaintiff alleges that defendants were aware of plaintiff's indigency and homelessness but released plaintiff on a "Perafe" program without providing housing or sufficient resources. Plaintiff does not describe the "Perafe" program. This court is not familiar with this program. Without understanding what the "Perafe" program is, this court cannot evaluate this claim. For

these reasons, this court finds that these vague and conclusory allegations fail to state a potentially colorable claim for relief.  See Ivey, 673 F.2d at 268.

Plaintiff alleges that he suffered from PTSD caused by his lengthy incarceration.  Plaintiff appears to claim that his lengthy incarceration was caused by his wrongful conviction and illegal sentence for violating California Penal Code § 245.  For this reason, this court does not construe plaintiff's allegation that he suffered PTSD as a separate legal claim, but rather as a claim for damages in support of plaintiff's claims challenging the validity of his conviction and sentence.  As discussed above, plaintiff's claims challenging the validity of his conviction and sentence are Heck barred.  Accordingly, this court need not further address plaintiff's allegation that he suffered PTSD due to his lengthy incarceration.

Finally, plaintiff alleges that defendants knew of plaintiff's immigration status as a legal California resident, but plaintiff was not given a green card, passport, citizenship or social security number.  Plaintiff fails to address the legal duty of defendants to provide him with these documents or status.  Plaintiff also fails to address how defendants' failure to provide him with these documents or status violated his constitutional rights.  For these reasons, this court finds that these vague and conclusory allegations fail to state a potentially colorable claim for relief.  See Ivey, 673 F.2d at 268.

Conclusion

Plaintiff has been granted two opportunities to amend his complaint.  Because it is clear that plaintiff cannot cure the pleading defects discussed above, this court recommends dismissal of this action.  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 26, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Khad1860.56

2